# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

SUZETTE WELTON,

               Petitioner,

        v.

MIKE GILLIGAN,

               Respondent.         Case No. 3:15-cv-00149-SLG

## ORDER RE PENDING MOTIONS

This is a habeas corpus action brought by Petitioner Suzette Welton pursuant to 28 U.S.C. § 2254(d). Ms. Welton's First Amended Petition is at Docket 27.[1] Ms. Welton makes two claims of ineffective assistance of counsel.[2] Claim 1 centers on her trial counsel's decision not to cross-examine Jeremiah Welton regarding prior statements about the use of sleeping pills.[3] In Claim 2, Ms. Welton argues that her trial counsel was ineffective for failing to consult with a cause-and-origin fire expert.[4]

Currently before the Court are two motions. At Docket 28 is Ms. Welton's (Renewed) Motion to Stay and Hold in Abeyance First Amended Petition for Writ of Habeas Corpus. Respondent opposed the motion at Docket 31.

---

[1] Docket 27 (First Amended Petition). *See also* Docket 1 (Petition).

[2] Initially, Ms. Welton raised a third claim of ineffective assistance of counsel, based on her trial counsel's failure to "cross-examine Jeremiah [Welton] about financial assistance he received from the prosecution." Docket 28 (Motion to Stay) at 3. However, Ms. Welton subsequently abandoned that claim. Docket 32 (Opposition) at 2.

[3] Docket 27 at 20.

[4] Docket 27 at 29.

At Docket 29 is Respondent's Motion to Dismiss First Amended Petition. Ms. Welton opposed at Docket 32, to which Respondent replied at Docket 33.

On September 4, 2017, at Docket 34, Magistrate Judge Deborah M. Smith issued a Final Report and Recommendation on the motions. The Magistrate Judge determined that Ms. Welton's first claim "has been exhausted because there are no longer any state remedies available to her."[5] The Magistrate Judge added, "This Court need not decide whether Claim 1 has been procedurally defaulted because Welton's petition is mixed, and must be dismissed or stayed unless she elects to delete her unexhausted claims."[6] Neither party objected to the Magistrate Judge's findings with regard to Claim 1.

As to Claim 2, the parties agree it has not been exhausted as it is currently before the Alaska Court of Appeals. The Magistrate Judge concluded that Ms. Welton did not meet the requirements for a stay of an unexhausted claim set out in *Rhines v. Weber*.[7] The Magistrate Judge's analysis focused on whether Ms. Welton had demonstrated good cause for her failure to exhaust. Ms. Welton argued that she had demonstrated good cause because her first post-conviction relief counsel was ineffective in failing to raise the ineffective assistance claim as to trial counsel's failure to consult a cause-and-origin expert.[8] Pointing to the trial record, the Magistrate Judge noted that the trial judge had

---

[5] Docket 34 (Final Report) at 19 (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).

[6] Docket 34 at 19.

[7] Docket 34 at 21 (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005) ("[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if [1] the petitioner had good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.")).

[8] Docket 28 (Motion to Stay) at 5–6 ("In particular, Ms. Welton here argues that her trial counsel

"squarely rejected" the prosecutor's argument that defense counsel's expert witness was not qualified to make "actual cause-and-origin determinations."[9] Accordingly, the Magistrate Judge was "unable to find that the trial attorneys' choice to call Dr. Babrauskas as their only expert regarding the fire's cause was ineffective under *Strickland*, or that Smith was ineffective for failing to allege the ineffectiveness of trial counsel."[10] As for the other requirements for a stay under *Rhines*, the Magistrate Judge stated that there was "no indication in the record that Welton has engaged in intentional dilatory tactics."[11] As to whether Ms. Welton's unexhausted claim was "plainly meritless," the Magistrate Judge declined to rule.[12]

Based on the foregoing, the Magistrate Judge recommended that the District Court deny Ms. Welton's Motion to Stay and Hold in Abeyance at Docket 28. The Magistrate Judge also recommended that the District Court give Ms. Welton two weeks to decide whether to delete the unexhausted claim and litigate the Jeremiah Welton claim. If Ms. Welton declined to delete the second claim, the Magistrate Judge recommended that

---

failed to consult with a qualified fire cause-and-origin expert to rebut the state's arguments that house fire was set deliberately. . . . Ms. Welton's unexhausted claims were omitted from her initial round of state post-conviction review because Michael Smith, her post-conviction relief attorney, overlooked the substantial body of case law regarding wrongful arson convictions and failed to consult with an independent expert about the science underlying Ms. Welton's convictions[.]").

[9] Docket 34 at 23 (citing Tr. at 3753).

[10] *Id.* at 24 (citing Tr. at 3752–3753).

[11] *Id.* at 24.

[12] *Id.*

Respondent's Motion to Dismiss at Docket 29 be granted.[13]  At Docket 35, Ms. Welton

filed objections to the Final Report.  At Docket 36, Respondent filed a response to Ms.

Welton's objections.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1),  which

provides that a district court "may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge."  A district court is to "make a de

novo determination of those portions of the [magistrate judge's] report or specific

proposed findings or recommendations to which objection is made."[14]  But on topics

where no objections are filed, "[n]either the Constitution nor the statute requires a district

judge to review, de novo, findings and recommendations that the parties themselves

accept as correct."[15]

Ms. Welton's objections to the Final Report and Recommendation maintain that

she made the required showing of good cause so as to warrant a stay under *Rhines v.

Weber*.[16]  In support, Ms. Welton relies on *Hinton v. Alabama*, a case in which the

---

[13] *See* Docket 34 at 26.

[14] 28 U.S.C. § 636(b)(1).

[15] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

[16] *See* Docket 35 at 5–6 ("[T]rial counsel was ineffective in failing to procure an expert who was familiar with the cause and origin of fires such that he could competently rebut the state's expert witnesses, all of whom had hands-on experience as fire investigators.  Because Ms. Welton's first post-conviction relief counsel failed to identify the issue, she was unfairly denied an opportunity to cross-examine her trial attorneys about this subject to determine whether the decision was informed by a competent trial strategy or simply a product of attorney error. . . . Contrary to the Final Report's conclusions, the failure of post-conviction relief counsel to identify this claim satisfies the *Rhines* good cause standard. Ms. Welton has established a critical oversight on the part of post-conviction relief counsel by failing to identify a serious defect in

Supreme Court found that a defendant's trial attorney rendered an unconstitutionally deficient performance.[17]  In *Hinton*, the defendant's counsel in a murder prosecution hired an expert with minimal qualifications, because he mistakenly believed that funding for the expert was limited to $1,000.  The Court found that that the attorney's mistaken belief that he was limited to $1,000 and his failure to discover that he could seek additional funding amounted to "ignorance of a point of law that is fundamental to his case[,] [which] combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]."[18]  The Court held "it was unreasonable for Hinton's lawyer to fail to seek additional funds to hire an expert where that failure was based not on any strategic choice but on a mistaken belief that available funding was capped at $1,000."[19]

Here, Ms. Welton does not argue that her trial counsel's decision to hire Dr. Babrauskas was based on a mistaken belief of available funding.  Moreover, Dr. Babrauskas held a Ph.D. in fire protection engineering, had lectured on fire dynamics at two universities, had developed widely-used devices and computer programs related to fire research, and had testified as a fire science expert in approximately two dozen civil depositions and two civil cases.[20]  At Ms. Welton's trial he was asked whether his

---

defense trial strategy, one that the prosecution exploited to powerful effect.").

[17] 134 S.Ct. 1081 (2014).

[18] *Id.* at 1089.

[19] *Id.* at 1088.

[20] Docket 29-5 at 111-114 (Tr. at 3716–3731).

expertise included issues of fire origin and cause. He responded, "That is very typically a question that's . . . asked of me, that I must answer. . . . That's what I do on a routine basis."[21]

In *Hinton*, the Supreme Court stressed that a lawyer's decision of which expert to retain would rarely support an ineffective assistance claim: "The selection of an expert witness is a paradigmatic example of the type of 'strategic choice' that, when made 'after thorough investigation of the law and facts,' is 'virtually unchallengeable.'"[22] The Court added, "We wish to be clear that the inadequate assistance of counsel we find in this case does not consist of the hiring of an expert who, though qualified, was not qualified enough."[23] Ms. Welton maintains that "Dr. Babrauskas' experience was laboratory-based and he was therefore not qualified to critique the methodologies and conclusions of the state's fire investigators[.]"[24] But *Hinton* and *Strickland* establish that trial counsel's decision to rely on Dr. Babrauskas was the "type of strategic choice" that is "virtually unchallengeable." Accordingly, the failure of Ms. Welton's first post-conviction relief counsel to raise this issue does not constitute ineffective assistance of counsel. For the foregoing reasons, based on de novo review, the Court finds that good cause for the failure to exhaust has not been established.

---

[21] Docket 29-5 at 119 (Tr. at 3750).

[22] *Hinton*, 134 S.Ct. at 1089 (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)).

[23] *Hinton*, 134 S.Ct. at 1089.

[24] Docket 35 at 3.

Accordingly, the Court ACCEPTS the Final Report and Recommendation as to Ms. Welton's Motion to Stay and Hold in Abeyance. The motion at Docket 28 is DENIED.

As to Respondent's Motion to Dismiss First Amended Petition at Docket 29, the Court ACCEPTS the analysis of the Final Report and Recommendation. The Court FURTHER ORDERS that Ms. Welton shall have **7 days** from the date of this order in which to decide whether to delete the second, unexhausted claim (Claim 2) and proceed solely on Claim 1. If Ms. Welton fails to timely delete Claim 2, the Motion to Dismiss at Docket 29 will be granted. If Ms. Welton timely deletes Claim 2, the Court will then address Respondent's Motion to Dismiss at Docket 29 with respect to Claim 1.

DATED this 19th day of September, 2017.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE