# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

SUZETTE WELTON,

        Petitioner,

   v.

MIKE GILLIGAN,

        Respondent.

Case No. 3:15-cv-00149-SLG

## **ORDER RE MOTION TO DISMISS**

Before the Court at Docket 29 is Respondent Mike Gilligan's motion to dismiss Ms. Welton's First Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254(d) ("Petition"). Ms. Welton opposed at Docket 32, and Respondent replied at Docket 33. Oral argument was not requested and was not necessary for the Court's determination.

## **BACKGROUND**

On May 31, 2002, an Alaska state jury found Ms. Welton guilty of first-degree murder, second-degree murder, first-degree attempted murder, and first-degree arson.[1] On direct appeal, the Alaska Court of Appeals affirmed Ms. Welton's conviction.[2] Pursuant to Criminal Rule 35.1, Ms. Welton filed an Application for Post Conviction Relief

---

[1] *See* Docket 29-8 (Exhibit A) (Trial Transcript) at 48, 68.

[2] See Docket 29-9 (Exhibit B) (Court of Appeals Judgment Affirming Conviction).

From Conviction or Sentence ("First PCR Application") in the state court.[3] Among other assertions, Ms. Welton maintained that she "was not afforded effective assistance of counsel at trial or on direct appeal."[4] She based this assertion on her trial counsel's failure to impeach her son, Jeremiah, regarding his prior admission that he had taken sleeping pills.[5] On May 27, 2008, the Superior Court denied Ms. Welton's First PCR Application.[6] The Court of Appeals affirmed on May 25, 2011,[7] and on July 27, 2011, the Alaska Supreme Court denied Ms. Welton's petition for hearing.[8]

While still litigating her First PCR Application, Ms. Welton filed a Second PCR Application on February 17, 2010,[9] which she amended dated April 16, 2013.[10] The issues raised in her second petition do not relate to the current question before this Court. On March 3, 2014, the Superior Court granted the state's motion to dismiss Ms. Welton's Second PCR Application.[11] Ms. Welton appealed that decision to the Court of Appeals,[12]

---

[3] *See* Docket 29-10 (Exhibit C), (Application for Post Conviction Relief From Conviction or Sentence).

[4] Docket 29-10 (Exhibit C) at 4.

[5] Docket 29-11 (Exhibit D) (Supplemental Affidavit of Michael R. Smith) at 16.

[6] *See* Docket 29-13 (Exhibit F) (Superior Court Ruling on First PCR Application) at 32.

[7] *See* Docket 29-14 (Exhibit G) (Court of Appeals Ruling on First PCR Application) at 1, 11.

[8] *See* Docket 29-20 (Exhibit M) (Supreme Court Order).

[9] *See generally* Docket 29-21 (Exhibit N).

[10] *See generally* Docket 29-22 (Exhibit O).

[11] *See generally* Docket 29-23 (Exhibit P).

[12] *See generally* Docket 29-24 (Exhibit Q).

Case No. 3:15-cv-00149-SLG, *Welton v. Gilligan*
Order re Motion to Dismiss
Page 2 of 14

which affirmed the Superior Court's ruling on December 6, 2017.[13] The Alaska Appellate Courts website indicates that Ms. Welton filed a petition for hearing with the Alaska Supreme Court on January 8, 2018,[14] which the Supreme Court denied on April 4, 2018.[15]

While still litigating her Second PCR Application, Ms. Welton filed her first § 2254 petition in the District of Alaska on June 26, 2012,[16] which she amended on April 22, 2013.[17] The amended petition alleged, among other claims, ineffective assistance of trial counsel for failing to cross examine Jeremiah regarding his use of sleeping pills. Ms. Welton acknowledged that her other three claims had not been exhausted in the state court. As to the sleeping pills claim, the Court held that Ms. Welton had not fairly presented a federal claim on that issue to the Alaska Supreme Court, and hence it too was not properly exhausted. Accordingly, the District Court granted the State's motion to dismiss all four claims for failure to exhaust and, on January 27, 2014, dismissed the petition.[18]

Ms. Welton then filed an application with the Alaska Court of Appeals, dated November 18, 2014, pursuant to Alaska Rule of Appellate Procedure 404 in which she attempted to include a federal claim challenging trial counsel's failure to impeach

---

[13] *See generally Welton v. State*, No. A-12010, 2017 WL 6209589 (Alaska App. Dec. 6, 2017).

[14] *See Case No. S16949*, Alaska Appellate Cts. Case Management System, http://www.appellate.courts.state.ak.us/main.asp.

[15] *See* "Opening Pleadings," *Case No. S16949*, Alaska Appellate Cts. Case Management System, http://www.appellate.courts.state.ak.us/main.asp.

[16] *See generally Welton v. Marshall*, 3:12-cv-00137-TMB (Docket 1).

[17] *See generally Welton v. Marshall*, 3:12-cv-00137-TMB (Docket 22).

[18] *See generally Welton v. Marshall*, 3:12-cv-00137-TMB (Dockets 36–38).

Case No. 3:15-cv-00149-SLG, *Welton v. Gilligan*
Order re Motion to Dismiss
Page 3 of 14

Jeremiah with his admission about sleeping pill use.[19] The Clerk of the Appellate Courts refused to file the application, stating that Rule 404 "is not a vehicle to allow an untimely appeal."[20] A single judge of the Court of Appeals affirmed the Clerk's decision on January 9, 2015,[21] as did a Court of Appeals panel on February 6, 2015.[22] The Supreme Court of Alaska denied Ms. Welton's petition for hearing on July 9, 2015.[23]

On August 25, 2015, Ms. Welton filed with this Court a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.[24] Ms. Welton amended her petition at Docket 27 to bring three claims, including an ineffective assistance of counsel ("IAC") claim based on the failure to cross-examine Jeremiah regarding his use of sleeping aids ("Claim One").[25] She later abandoned Claim Three.[26] As to Claim Two, the parties agreed that it had not been properly exhausted. This Court adopted the Magistrate Judge's report that recommended dismissal of that claim for failure to exhaust.[27] In its analysis, the Court found that good cause for the failure to exhaust had not been established, because on

---

[19] *See* Docket 29-28 (Exhibit U) at 7–18.

[20] *See* Docket 29-29 (Exhibit V).

[21] *See generally* Docket 29-30 (Exhibit W).

[22] *See generally* Docket 29-31 (Exhibit X).

[23] *See* Docket 29-33 (Exhibit Z).

[24] *See generally* Docket 1.

[25] *See* Docket 27 at 20, 29.

[26] *See* Docket 32 at 2.

[27] *See* Docket 37 (Order re Pending Motions) at 2, 7; Docket 34 (Final Report and Recommendation) at 21.

Case No. 3:15-cv-00149-SLG, *Welton v. Gilligan*
Order re Motion to Dismiss
Page 4 of 14

the merits, Ms. Welton's claim that her first PCR counsel was ineffective was without merit.[28] The Court adopted the Magistrate Judge's ruling that "[i]t would be premature to find that Welton's first claim has been procedurally defaulted, under the total exhaustion doctrine," because her petition was mixed at that time.[29] Ms. Welton did not notify the Court whether she opted to delete the unexhausted claim, and the Court therefore dismissed the case on November 1, 2017.[30] Ms. Welton filed a notice of appeal.[31] However, Ms. Welton's motion for voluntary dismissal of the appeal was later granted, and the matter was remanded to this Court to proceed on Claim One.[32] Respondent now maintains that the remaining first claim is procedurally defaulted.

## LEGAL STANDARD

### I. Procedural Default

The U.S. Supreme Court has long declined to "review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."[33] In the district court, "[t]he [independent and adequate state ground] doctrine applies to bar

---

[28] *See* Docket 37 at 3, 7; Docket 34 at 24.

[29] *See* Docket 37 at 2, 7; Docket 34 at 20.

[30] *See* Docket 42 (Order of Dismissal); *see also* Docket 43 (Judgment).

[31] *See* Docket 40 (Notice of Appeal).

[32] *See* Docket 45 (Ninth Circuit Mandate).

[33] *Coleman v. Thompson*, 501 U.S. 722, 729 (1991), *overruled in part on other grounds by Martinez v. Ryan*, 566 U.S. 1 (2012).

Case No. 3:15-cv-00149-SLG, *Welton v. Gilligan*
Order re Motion to Dismiss
Page 5 of 14

federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement."[34]

"For a state procedural rule to be 'independent,' the state law ground for decision must not be 'interwoven with the federal law.'"[35] "A state law ground is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'"[36] "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed'."[37] "A rule can be firmly established and regularly followed . . . even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others."[38]

## II. Excuse of Procedural Default

*A. Cause and Prejudice*

"[A]n adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the

---

[34] *Id. at* 729–30.

[35] *Nitschke v. Belleque*, 680 F.3d 1105, 1109 (9th Cir. 2012) (quoting *Michigan v. Long*, 463 U.S. 1032, 1040–41 (1983)); *see also Harris v. Reed*, 489 U.S. 255, 261–65 (1989) (applying *Long* to federal habeas cases).

[36] *Nitschke*, 680 F.3d at 1109 (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

[37] *Walker v. Martin*, 562 U.S. 307, 316 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 60 (2009)).

[38] *Walker*, 562 U.S. at 316, 316–21 (internal quotation marks omitted) (quoting *Beard*, 558 U.S. at 60–61) (holding that a California rule directing habeas petitioners "to file known claims 'as promptly as the circumstances allow[]'" was adequate despite its giving California courts discretion in determining an appropriate timeframe to file known claims).

Case No. 3:15-cv-00149-SLG, *Welton v. Gilligan*
Order re Motion to Dismiss
Page 6 of 14

federal claim will result in a 'fundamental miscarriage of justice.'"[39] "To demonstrate cause, the petitioner must show the existence of 'some objective factor external to the defense [which] impeded counsel's efforts to comply with the State's procedural rule.'"[40] The U.S. Supreme Court in *Martinez v. Ryan*, concerned about instances in which "the initial-review collateral proceeding [is] a prisoner's one and only appeal as to an ineffective-assistance claim," established a narrow exception: "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."[41] In Alaska, the initial-review collateral proceeding is *not* "a prisoner's one and only appeal as to an ineffective assistance claim"; the Alaska Court of Appeals held in *Grinols v. State* that "a defendant may be entitled to relief if they can later prove that their [first] post-conviction relief attorney's performance was not competent, and they must be allowed an opportunity to present this claim in a second petition for post-conviction relief."[42]

*B. Miscarriage of Justice*

"[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."[43] "The

---

[39] *Harris*, 489 U.S. at 262 (quoting *Murray v. Carrier*, 477 U.S. 478, 485, 495 (1986)).

[40] *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (quoting *Murray*, 477 U.S. at 488).

[41] *Martinez*, 566 U.S. at 8–9 (internal quotation marks omitted).

[42] *Grinols v. State*, 10 P.3d 600, 618 (Alaska App. 2000), *aff'd*, 74 P.3d 889 (Alaska 2003).

[43] *Murray*, 477 U.S. at 496.

Case No. 3:15-cv-00149-SLG, *Welton v. Gilligan*
Order re Motion to Dismiss
Page 7 of 14

miscarriage of justice exception to cause serves as an additional safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty, guaranteeing that the ends of justice will be served in full."[44]  "In order for [a petitioner] to overcome the procedural bar by means of the miscarriage of justice exception, he must supplement his claim with a 'colorable showing of factual innocence;'"[45] in other words, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."[46]

## DISCUSSION

### I. Procedural Default

Respondent first asserts that Claim One is procedurally defaulted.  Respondent maintains that, in Ms. Welton's first § 2254 proceeding, "this court held that the claim was procedurally defaulted because, although [Ms.] Welton raised the claim in her first state post-conviction action, she did not present the federal nature of the claim in her petition to the state supreme court."[47]  This assertion is not entirely correct.  In Ms. Welton's first § 2254 proceeding, this Court held that the claim had not been fully exhausted in the state court, but it did not reach the procedural default question.[48]

---

[44] *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (internal citations and quotation marks omitted).

[45] *Thomas v. Goldsmith*, 979 F.2d 746, 749 (9th Cir. 1992) (quoting *McCleskey*, 499 U.S. at 495).

[46] *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

[47] Docket 29 at 11 (citing *Welton v. Marshall*, 3:12-cv-00137-TMB (Docket 36 at 11–16).

[48] *See Welton v. Marshall*, 3:12-cv-00137-TMB (Docket 36 at 9–17; Docket 37); *see also Woodford v. Ngo*, 548 U.S. 81, 92–93 (2006) (citations and quotation marks omitted) ("In habeas, the sanction for failing to exhaust properly (preclusion of review in federal court) is given the separate name of procedural default, although the habeas doctrines of exhaustion and procedural default are similar in purpose and design and implicate similar concerns.  In habeas,

Case No. 3:15-cv-00149-SLG, *Welton v. Gilligan*
Order re Motion to Dismiss
Page 8 of 14

At the time of the first § 2254 proceeding, Ms. Welton had not yet filed her Rule 404 Application in the state court. Ms. Welton maintains that she has now exhausted "the federal merits of this claim" by presenting her "Rule 404 Applications . . . in the Alaska Court of Appeals and the Alaska Supreme Court. Those courts have freestanding power to dispense with the Rules prohibiting otherwise untimely petitions for rehearing when failure to do so would result in manifest injustice."[49] She claims that Rule 404's "discretionary nature" precludes it from being "'independent' and 'adequate' to bar federal relief."[50] Respondent replies that "Rule 404 was not the proper vehicle to challenge the court of appeals' earlier ruling."[51]

Ms. Welton does not appear to challenge the independence of Rule 404. Although Rule 404 "is a close cousin of the federal 'All Writs Act'," the Rule does not rely on a federal right for its application.[52] Therefore, it is independent. Ms. Welton does challenge Rule 404's adequacy. She notes that Rule 404 would permit the state appellate courts to reach the merits when "necessary to correct obvious errors."[53] However, the U.S.

---

state-court remedies are described as having been exhausted when they are no longer available, regardless of the reason for their unavailability. Thus, if state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.").

[49] Docket 32 at 2.

[50] Docket 32 at 3 (citing *Lee v. Kemna*, 534 U.S. 362, 378 (2002)).

[51] Docket 33 at 3.

[52] *Lambert v. State*, 45 P.3d 1214, 1217, 1216–18 (Alaska App. 2002); *see also* Alaska R. App. P. 404.

[53] *See* Docket 32 at 2, 2–3 (citing *Cameron v. Beard*, 864 P.2d 538, 552 (Alaska 1993)

Case No. 3:15-cv-00149-SLG, *Welton v. Gilligan*
Order re Motion to Dismiss
Page 9 of 14

Supreme Court has held that "a state procedural bar may count as an adequate and independent ground for denying a federal habeas petition even if the state court had discretion to reach the merits despite the default."[54] The Court added: "Discretion enables a court to home in on case-specific considerations and to avoid the harsh results that sometimes attend consistent application of an unyielding rule."[55] Discretion renders a state ground inadequate "when discretion has been exercised to impose novel and unforeseeable requirements without fair or substantial support in prior state law[.]"[56] Here, the Alaska Court of Appeals refused to consider the merits of Ms. Welton's 404 Application, finding it was not the appropriate procedural device for her claim.[57] Ms. Welton makes no showing that the Alaska Court of Appeals' refusal to allow her to cure her procedural default through Rule 404 imposed "novel and unforeseeable" requirements on her. Moreover, as Respondent points out, "other avenues of relief were available to [Ms.] Welton: she could have raised the issue in a petition for rehearing or a post-conviction relief application."[58] Based on the foregoing, Ms. Welton's federal IAC

---

(Compton, J., dissenting) (explaining court allowed untimely petition for rehearing following claims of inconsistent testimony by witness); *Carpentino v. State*, 42 P.3d 1137, 1142–43 (Alaska App. 2002) (declining to decide, as to state's attempt to make new evidentiary argument in petition for rehearing, whether to relax rule that new arguments cannot be raised in petition for rehearing because state's evidentiary arguments lacked merit)).

[54] *Walker v. Martin*, 562 U.S. 307, 311 (2011).

[55] *Id.* at 320.

[56] *Id.* (citation and quotation marks omitted).

[57] *See generally* Docket 29-30 (Exhibit W); Docket 29-31 (Exhibit X).

[58] Docket 33 at 3.

Case No. 3:15-cv-00149-SLG, *Welton v. Gilligan*
Order re Motion to Dismiss
Page 10 of 14

claim regarding trial counsel's cross examination of Jeremiah's use of sleeping pills is procedurally defaulted.

## II. Excuse of Procedural Default

### A. Whether *Martinez* Applies

Respondent argues that "*Martinez* does not apply in Alaska because Alaska has a vehicle under state law for challenging the ineffectiveness of post-conviction counsel."[59] "Not only does Alaska appoint counsel in post-conviction actions, it also protects the right to effective assistance of counsel in such actions," as recognized by the Alaska Court of Appeals in *Grinols v. State*.[60] "[A] defendant may file a successive application for post-conviction relief asserting that his post-conviction attorney's performance in the earlier action was incompetent. Counsel is usually appointed in such cases."[61] This protection, Respondent asserts, "negates the Supreme Court's concern in *Martinez*; there is no need for the federal court to excuse the procedural default because in Alaska there is a vehicle for raising the issue in state court."[62]

Ms. Welton responds by citing to *Trevino v. Thaler*, in which the U.S. Supreme Court held that *Martinez* applied where state requirements made it possible but "highly unlikely" for a petitioner to raise an IAC claim on direct appeal.[63] Ms. Welton maintains

---

[59] Docket 29 at 17.

[60] Docket 29 at 17 (citing *Grinols v. State*, 10 P.3d 600 (Alaska App. 2000), *aff'd*, 74 P.3d 889 (Alaska 2003)).

[61] Docket 29 at 17–18 (citing *Grinols*, 10 P.3d at 618–20).

[62] Docket 29 at 18.

[63] *See Trevino v. Thaler*, 569 U.S. 413, 429 (2013).

Case No. 3:15-cv-00149-SLG, *Welton v. Gilligan*
Order re Motion to Dismiss
Page 11 of 14

that Alaska "is not exempt from the *Martinez* rule simply because there is a *possibility* that a defendant can present a trial-counsel IAC claim outside of the post-conviction relief process. . . . [I]t is 'highly unlikely' that a trial counsel IAC claim can be adjudicated in Alaska outside of the initial-review PCR process."[64] Ms. Welton further argues that the "availability of review" in Alaska "is not a substitute for federal habeas review" because Alaska requires a "more demanding" showing "to present a procedurally defaulted IAC claim" than *Martinez* requires "to excuse a procedurally defaulted IAC claim[.]"[65]

Respondent replies, "the question is whether a *Grinols* claim offers a meaningful opportunity for a state prisoner to challenge the ineffectiveness of his post-conviction attorney, thereby opening the door to a renewed claim of trial-counsel ineffectiveness if successful. It clearly does."[66] Further, Respondent maintains, "[a] procedural default is excused under *Martinez* because, without federal review, there would be no meaningful opportunity for review of the claim"[;] the same is not true in Alaska.[67]

Aside from her citation to *Trevino*, Ms. Welton has not shown that "it is 'highly unlikely' that a trial counsel IAC claim could be adjudicated in Alaska outside of the initial-review PCR process."[68] The Texas procedural rules at issue in *Trevino* made it so difficult to raise an IAC claim on direct appeal that "Texas' highest criminal court has explicitly

---

[64] Docket 32 at 11 (citing *Trevino*, 569 U.S. at 429).

[65] Docket 32 at 11 (internal citation omitted).

[66] Docket 33 at 14.

[67] Docket 33 at 14 (citation omitted).

[68] Docket 32 at 11 (citing *Trevino*, 569 U.S. at 429).

Case No. 3:15-cv-00149-SLG, *Welton v. Gilligan*
Order re Motion to Dismiss
Page 12 of 14

stated that '[a]s a general rule' the defendant 'should *not* raise an issue of ineffective assistance of counsel on direct appeal,' but rather in collateral review proceedings."[69] Ms. Welton fails to explain how Texas's procedural hurdles would apply in Alaska. Without more, Ms. Welton's assertion fails.

Ms. Welton also maintains that "[t]he showing necessary to present a procedurally defaulted IAC claim under [*Grinols*] is more demanding – both in terms of the quantum of evidence needed and the legal standard that is applied – than the showing necessary to excuse a procedurally [defaulted IAC] claim under [*Martinez*]."[70] That may be true. But nowhere in *Martinez* does the Court suggest that a state's requirements to renew an IAC claim must match the federal requirements. The *Martinez* Court's concern was with instances in which "the initial-review collateral proceeding [is] a prisoner's one and only appeal as to an ineffective-assistance claim . . . ."[71] *Grinols* eliminates that concern by allowing a second PCR application challenging the effectiveness of the first PCR attorney as a vehicle renew to a challenge to the effectiveness of the trial attorney, particularly because, as Respondent represents to the Court, "[a]ppointment of counsel is discretionary but rarely denied in such cases."[72] Therefore, the Court finds that *Martinez*

---

[69] *Trevino*, 569 U.S. at 426 (emphasis in original) (quoting *Mata v. State*, 226 S.W.3d 425, 430 n. 14 (Tex. Crim. App. 2007)).

[70] Docket 32 at 11.

[71] *Martinez*, 566 U.S. at 8 (internal quotation marks omitted).

[72] Docket 33 at 13.

Case No. 3:15-cv-00149-SLG, *Welton v. Gilligan*
Order re Motion to Dismiss
Page 13 of 14

does not apply in Alaska. Ms. Welton has failed to establish cause to excuse her procedural default.

B. Miscarriage of Justice Exception

Neither party briefed this issue. Claim One makes no assertion regarding Ms. Welton's innocence. Based on the foregoing, the Court will find no miscarriage of justice as to Claim One.

## CONCLUSION

In light of the foregoing, Respondent's Motion to Dismiss at Docket 29 is GRANTED. The Clerk of Court is directed to enter a final judgment accordingly. The Court further finds that Ms. Welton has not made the requisite substantial showing of the denial of a constitutional right, and therefore a certificate of appealability will not be issued by this Court.[73] Ms. Welton may request a certificate of appealability from the Ninth Circuit Court of Appeals.

DATED this 7th day of December, 2018 at Anchorage, Alaska.

                                      */s/ Sharon L. Gleason*
                                      UNITED STATES DISTRICT JUDGE

---

[73] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made "substantial showing of the denial of a constitutional right," *i.e.*, showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:15-cv-00149-SLG, *Welton v. Gilligan*
Order re Motion to Dismiss
Page 14 of 14